RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8 / 29 / 11
         BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT MICHAEL MARINO | DOCKET NO. 11-CV-879; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Vincent Michael Marino filed a complaint pursuant to the Federal Tort Claims Act in the above-captioned matter. Plaintiff failed to submit either the $350 filing fee or a properly completed application to proceed *in forma pauperis* (IFP). On June 29, 2011, a memorandum order was issued directing Plaintiff to submit the filing fee or an IFP application on or before July 29, 2011. [Doc. #3] To date, Plaintiff has not requested an extension of time and has failed to comply with the Court's order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with the Court's order to submit a filing fee or pauper application.

Therefore,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See

2

**Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 29th day of August, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE